The State of Ohio, Appellee, v. Eddington, Appellant.

(No. 9-76-18—Decided July 30, 1976.)

*Mr. Frank K. Reber,* prosecuting attorney, for appellee.

*Messrs. Spohn, Spohn & Zeigler,* for appellant.

Guernsey, J. Defendant Ima (Imo) Jean Eddington, appellant herein, was charged in the juvenile division of the Court of Common Pleas of Marion County with abusing one Pauletta Carol Saylor, age 2 years, in that she "knowingly caused or attempted to cause physical harm to said minor child by striking her repeatedly with a fly swatter, contrary to section 2151.41 of the Ohio Revised Code." She pled not guilty to the charge before a referee of the court and trial was had before the same referee who recommended that she be found guilty and sentenced to ten days in the county jail and assessed the court costs with the commitment suspended on the condition that she refrain from such conduct in the future. This recommendation was approved by the judge by affixing his signature to the word "approved" appearing on a "journal entry" containing the recommendations of the referee. This is the "judgment" from which the appeal is taken.

The appellant assigns error in three particulars dealing (1) with the validity of the statute under which the charge was laid, (2) the failure of the court to direct a verdict for the defendant at the close of the prosecution's case, and (3) the judgment being contrary to law and not

supported by the evidence in that child abuse as prohibited, defined and qualified by R. C. 2151.41, 2151.031 and 2919.22 has not been proved.

It would be a vain thing for us to treat the appellant's assignments of error and anything which we would say respecting such would be flagrant *obiter dictum* in view of the manner in which the defendant was tried and a "judgment" rendered by the trial court. In this regard, we are mindful of the provisions of Criminal Rule 52 providing that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," and the prerogative given to this court by Appellate Rule 12(A) that errors not specifically pointed out in the record and separately argued by brief may be disregarded. The right to disregard being discretionary, it is implied that the right to consider such errors is also discretionary.

We start out with the irrefutable premise that the charge upon which the defendant adult was tried was a criminal charge (*State* v. *Miclau* [1957], 167 Ohio St. 38), a so-called "adult crime" in the area of juvenile law. R. C. 2151.23(A)(5) gives the juvenile court exclusive original jurisdiction "to hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151. of the Revised Code." R. C. 2151.16 gives the juvenile judge authority to appoint referees "who shall have the usual power of masters in chancery cases" but no provision exists in the juvenile code or elsewhere purporting to provide for the appointment of referees who shall have any power in criminal cases. The Rules of Juvenile Procedure, which became effective July 1, 1972, provide for the appointment of referees and procedure, but under the provisions of Juvenile Rule 1(C) such rules "shall not apply to procedure * * * upon the trial of criminal actions." R. C. 2151.47 prescribes the right of the adult defendant to demand a jury trial and the time for doing so, which implies a trial of issues of fact by the court without a jury when a jury trial is not demanded.

In these circumstances, where no referee is authorized

to receive pleas, take evidence, or to recommend findings on issues of fact, the proceedings before the referee were wholly null and void and did not constitute a trial of a criminal case to a court without a jury. Also, giving the greatest weight possible to the journal entry of judgment appealed from, and ignoring the referee's authority, it would constitute a conviction by a court which had not heard the evidence and which had not had the opportunity to observe the appearance or demeanor of the witnesses, all being essential to a proper consideration and weighing of the evidence. In *Miller* v. *State* (1906), 73 Ohio St. 195, the Supreme Court held, in paragraph two of the syllabus:

"The judge of the court of common pleas is an essential part of the court, and his presence during the trial is necessary to its proper conduct. He should be at all times within sight and hearing of the proceedings, so that he will retain control of all that transpires during the trial and can instantly exert his authority when it is required. This rule applies especially to the trial of a criminal case."

Although in *Tingue* v. *State* (1914), 90 Ohio St. 368, the Supreme Court qualifies the quoted rule to be applicable only where the temporary absence of the judge must prejudicially affect the merits of the case, prejudice is inevitable in a case where the judge and not the jury is the trier of the facts and absents himself from the courtroom during the introduction of evidence.

The judgment appealed from being void, such is reversed and vacated and the cause is remanded for further proceedings as provided by law.

*Judgment reversed.*

COLE, P. J., and MILLER, J., concur.