The STATE of Ohio, Appellant,

v.

RICHTER, Appellee.

[Cite as *State v. Richter* (1993), 92 Ohio App.3d 395.]

Court of Appeals of Ohio,
Williams County.

No. 93WM000005.

Decided Dec. 3, 1993.

Joseph R. Kiacz, for appellant.

HANDWORK, Judge.

This is an accelerated appeal from a March 4, 1993 judgment entry of the Bryan Municipal Court. The appeal was filed on behalf of the state by the prosecutor from West Unity, Ohio, to challenge a ruling by the Bryan Municipal Court that charges brought against appellee, Sonya A. Richter, for violation of R.C. 2921.13(A)(3), falsification, were insufficient and were dismissed. The state has presented one assignment of error, which reads:

"The court erred in dismissing the two charges against the defendant of falsification."

█ This court has carefully reviewed the record and has concluded that the trial court failed to follow proper procedure when it entered an order of dismissal. The record reveals that on March 2, 1993, a complaint was filed alleging that appellee had violated R.C. 2921.13(A)(3) because she "did knowingly make a false statement with purpose to mislead a public Official in performing his official function, to wit: Stating to the officer that her name was Renee L. Miller." A separate complaint had previously been filed by another officer also alleging a violation of R.C. 2921.13(A)(3) on February 26, 1993. Both charges were considered on March 4, 1993, when appellee appeared without counsel in the Bryan Municipal Court. After a cursory interview, in which the judge ascertained that appellee was not represented, that she did not wish additional time to seek an attorney, and in which she stated that she understood the charges against her, though no explanation was made by the court, the trial court asked appellee what plea she wished to enter. She responded guilty. The two officers who had filed the complaints then explained on the record the circumstances which led to their filing the complaints.

One officer testified that he had stopped appellee at approximately 7:00 in the evening on February 20, 1993, in Montpelier. The reason for the stop was that appellee was driving a vehicle which had only one working headlight. The officer stated that after speaking with the defendant, she identified herself as Renee L. Miller and gave an erroneous birthdate. She was issued a warning citation for the headlight and was allowed to proceed. However, further investigation revealed that she was not Renee L. Miller, and when she came to the station a citation for falsification was issued.

The second officer testified that he stopped appellee at approximately 8:00 p.m. on February 20, 1993. His reason for stopping appellee was that he had observed her operating her vehicle at seventy-three m.p.h. He approached her vehicle and asked for her driver's license. She stated that she had left it at home, but gave him a copy of the warning citation which had previously been given to her for driving the vehicle with only one operational headlight. The

citation identified her as Renee L. Miller. Based upon that identification, a speeding ticket was issued to Renee L. Miller. On February 21, 1993, Renee L. Miller contacted the police officer to inquire about the citation which had been issued in her name. She informed the officer that she had not been in town during the weekend. Further investigation revealed that the person who had been stopped and cited was indeed appellee, not Renee L. Miller. A citation for falsification was subsequently issued.

After both officers had made their statements, the judge made the following ruling:

"Alright. Well, I guess this is more for the Officers in the Courtroom that [sic] the Defendant, but Officer, you ought to be aware the Supreme Court has ruled that 'Freedom of self-incrimination [sic] guaranteed by the U.S. Constitution' means that unless the Defendant has initiated the communications of the— the Defendant has no obligation to incriminate themselves [sic] of a false statement made in response to questions is not in violation to this section [sic]. Uh, both of those charges are dismissed."

Crim.R. 11 establishes the procedure which must be followed when a guilty plea is entered. Crim.R. 11(B)(1) states, in pertinent part:

"With reference to the offense or offenses to which the plea is entered:

"(1) The plea of guilty is a complete admission of the defendant's guilt."

Crim.R. 11(B)(3) further states, in pertinent part:

"When a plea of guilty or no contest is accepted pursuant to this rule, the court shall * * * proceed with sentencing under Rule 32."

The above-quoted provisions establish the general rule that when a plea of guilty is entered, a court can choose to accept the plea, make a finding of guilty, and then enter sentence. The only other alternative available to the court when a plea of guilty is entered is explained in Crim.R. 11(D), which states, in pertinent part:

"In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right."

The other provision of Crim.R. 11 which is triggered if a court chooses to reject a plea of guilty is found in Crim.R. 11(G), which states, in pertinent part:

"If the court refuses to accept a plea of guilty or no contest, the court shall enter a plea of not guilty on behalf of the defendant. In such cases neither plea shall be admissible in evidence nor be the subject of comment by the prosecuting attorney or court."

■ All of the provisions of Crim.R. 11, when read together, show that the court must take specific procedural steps when a defendant enters a plea. First, the court must personally speak with the defendant and assure itself that the defendant is fully informed of all rights possessed by the defendant before the defendant waives those rights. Second, the court may accept a plea of guilty, make a finding of guilt and sentence the defendant, if the defendant knowingly and voluntarily enters a plea of guilty. Third, a court may choose to reject an entered plea of guilty, enter a plea of not guilty on behalf of the defendant, and set the matter for trial. No provision is made for a court to choose to accept a plea of guilty, to *sua sponte* enter its own motion for dismissal, and to grant that motion for dismissal.[1]

Crim.R. 52(B) defines "plain error" as:

"Plain errors or defects affecting substantial rights * * *."

App.R. 12(A) vests this court with discretion to consider errors which were not pointed out in the record and which were not briefed by the parties.

■ This court notes that the state, like the defendant, has a substantial right to have a criminal trial conducted according to the proper procedure as established by the Criminal Rules, by the Constitutions of the United States and of Ohio, and by applicable provisions in the Revised Code. The action of the trial court in this case constituted plain error because it exceeded its authority under the laws of Ohio when it accepted a guilty plea and dismissed the case, and because the actions of the trial court affected the substantial right of the state to have the proceedings conducted according to law. We note the plain error because the state is the appealing party in this case.

We decline to address the issues specifically raised in argument by the state, regarding whether the proposed evidence would be sufficient to sustain a conviction for falsification pursuant to R.C. 2921.13(A)(3), because a ruling on that matter would be premature and would represent advisory *dictum*. See *State v. Eddington* (1976), 52 Ohio App.2d 312, 312–314, 6 O.O.3d 317, 317–318, 369 N.E.2d 1054, 1055–1056. The sole assignment of error is well taken to the extent

---

1. We note this court has jurisdiction to review the decision of the Bryan Municipal Court pursuant to R.C. 2945.67, which allows a prosecutor to appeal from a decision which "grants a motion to dismiss all or any part of an indictment, complaint, or information * * *." R.C. 2945.67(A).

that the decision of the trial court to dismiss the charges of falsification was in error.

The judgment entered by the Bryan Municipal Court on the charges against appellee for violation of R.C. 2921.13(A)(3) is vacated. This case is remanded for further proceedings as provided by law. Appellee is ordered to pay the costs of this appeal.

*Judgment vacated.*

MELVIN L. RESNICK and SHERCK, JJ., concur.