OPINION
Defendant-appellant Michael L. Timmons appeals the December 1, 2000 Judgment Entry of the Stark County Court of Common Pleas, which found him guilty of one count of kidnaping and one of count escape, and sentenced him accordingly.
 STATEMENT OF THE CASE AND FACTS
On February 23, 2000, the Stark County Grand Jury indicted appellant with one count of kidnaping, in violation of R.C. 2905.01, and one count of escape, in violation of R.C. 2929.34. At his arraignment, appellant plead not guilty. On March 10, 2000, appellant entered written pleas of not guilty by reason of insanity to each charge.
In a March 16, 2000 Judgment Entry, the trial court ordered a psychiatric evaluation by an independent expert to determine appellant's competency to stand trial and to determine appellant's mental condition at the time of the offense. Thomas W. Hall, Ph.D., a counseling psychologist, conducted the evaluation. Dr. Hall found appellant was both competent to stand trial and sane at the time of the offense.
Thereafter, appellant retained a private attorney to represent him. Appellant's new counsel made an oral motion to permit appellant to obtain his own competency evaluation. The trial court agreed and continued the competency hearing until appellant's evaluator, Robert DeVies, Ph.D., submitted his report to the court. In a September 25, 2000 Judgment Entry, the trial court ordered Dr. DeVies to examine appellant to evaluate appellant's mental condition.
On November 29, 2000, appellant withdrew his pleas of not guilty, and entered pleas of guilty to both charges. Appellant did not withdraw his pleas of not guilty by reason of insanity.
In a December 1, 2000 Judgment Entry, the trial court accepted appellant's pleas of guilty to the charges and sentenced him to serve five years on the charge of kidnaping, and five years on the charge of escape. The trial court ordered the sentences to be served concurrently. It is from this judgment entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY WHEN A PLEA OF NOT GUILTY BY REASON OF INSANITY WAS STILL PENDING AND HAD NOT BEEN ADJUDICATED OR WITHDRAWN.
 I
In his sole assignment of error, appellant maintains the trial court erred in accepting his guilty pleas when he had not yet withdrawn his pleas of not guilty by reason of insanity to the same charges. We disagree.
An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.[1]
Appellant had the opportunity to raise the issue of his pending not guilty by reason of insanity pleas before asking the court to accept his guilty pleas for the same offenses. Because appellant failed to raise this issue before the trial court, it is waived on appeal.
Even assuming, arguendo, the issue had not been waived for the reason set forth above, we would still find appellant's argument unpersuasive.
Once a plea is made, the trial court may accept the plea of guilty and enter a finding of guilt and sentence the defendant, or it may reject the plea, enter a plea of not guilty, and set the matter for trial.[2]
However, where a guilty plea is not knowingly, voluntarily, and intelligently made, it may not be accepted by the trial court.[3] A plea of guilty is an implied admission of sanity, and the court's action in accepting such plea was necessarily an affirmation of the court's belief in defendant's sanity.[4]
Appellant argues a finding of guilt is not inconsistent with a plea of not guilty by reason of insanity. Appellant contends his guilty plea only admitted the indicted actions. Appellant argues he retains the ability to assert the defense of insanity. This argument fails to recognize the legal ramifications of a criminal defendant's entry of a guilty plea.
In pleading guilty, an accused acknowledges full responsibility for all legal consequences of guilt and consents to whatever judgment and sentence the court may legally impose.[5] There is no distinction between the effect of a plea of guilty voluntarily entered and a conviction after a trial on the merits.[6] In other words, a conviction ensues whether one pleads guilty to the charge or is found guilty by the court or a jury as the result of a trial on the merits.[7]
The result is the same whether appellant pleads guilty to the charge or if appellant had gone to trial with his plea of not guilty by reason of insanity and the jury had found appellant guilty of the charge.
Where, in a criminal prosecution, a defendant enters a plea of not guilty and also an oral plea of not guilty by reason of insanity and he later enters a plea of guilty without first withdrawing his oral plea of not guilty by reason of insanity, such defendant thereby waives his plea of not guilty by reason of insanity.[8] The guilty plea provides a means by which a defendant may acknowledge his guilt and manifest a willingness to assume responsibility for his conduct.[9] A guilty plea is more than a confession which admits that the accused did various acts. It is itself a conviction and nothing remains but to give judgment and determine punishment."[10]
Appellant's guilty plea was in itself, a conviction. Accordingly, any defense of insanity was unavailable after such a plea.
Appellant's sole assignment of error is overruled.
The December 1, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 1, 2000 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
By: Hoffman, P.J., Gwin, J. and Edwards, J. concur.
[1] (Paragraph one of the syllabus of State v. Glaros, 170 Ohio St. 471,166 N.E.2d 379, approved and followed.) State v. Williams, (1977),51 Ohio St.2d 112.
[2] State v. Richter (1993), 92 Ohio App.3d 395, 399, Crim.R. 11(G).
[3] Id.; State v. Smith (Mar. 28, 1991), Cuyahoga App. Nos. 58334, 58418 and 58443, unreported, 1991 WL 41730.
[4] Id., citing United States v. Cope, D.C., 144 F. Supp. 799;UnitedStates ex rel. Wing v. Commonwealth, D.C., 90 F. Supp. 208. 
[5] State v. Fore (1969), 18 Ohio App.2d 264, 267.
[6] Id.
[7] Id.
[8] See State v. Fore (1969), 18 Ohio app.2d 264.
[9] State v. Griffey (1972), 29 Ohio App.2d 246, 250, reversed on other grounds, State v. Griffey 35 Ohio St.2d 101.
[10] Griffey, supra, citing Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274; Machibroda v. United States (1962),368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.