ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Therephere Varise, requests that this court compel respondent judge to dispose of his pending motions to dismiss and for withdrawal of guilty plea in State v. Varise,
Cuyahoga County Court of Common Pleas Case No. CR-433015.
 {¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on June 6, 2005 in which respondent has denied the motion to withdraw guilty plea. Respondent observes that Varise pled guilty in Case No. CR-433015. As a consequence, respondent contends that Varise would not be able to maintain his motion to dismiss in Case No. CR-433015. Cf. State v. Fitzpatrick, 102 Ohio St.3d 321,2004-Ohio-3167, 810 N.E.2d 927, at ¶ 78; State v. Richter
(1993), 92 Ohio App.3d 395, 635 N.E.2d 1295 [Sixth Dist.].
 {¶ 3} Varise has not opposed respondent's motion for summary judgment. Respondent argues that Varise is not entitled to relief in mandamus. We agree. With respect to the motion to withdraw guilty plea, Varise has received the relief he requested. With respect to the motion to dismiss, Varise has not demonstrated that he has a clear legal right to relief under the circumstances.
 {¶ 4} The complaint also manifests various defects. R.C.2969.25(A) requires that an inmate who commences a civil action must file an affidavit describing each civil action or civil appeal filed within the previous five years. Although Varise did file an "affidavit mandated by R.C. § 2969.25," he
"* * * did not file an R.C. 2969.25(C) certified statement byhis prison cashier setting forth the balance in his privateaccount for each of the preceding six months.' State ex rel.Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we denyrelator's claim of indigency and order him to pay costs. Id.at 420."
 {¶ 5} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, we deny relator's claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel.Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hite v. State,
Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Varise "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St. 3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 7} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Gallagher, P.J., Concurs.
 Corrigan, J., Concurs.