**[Cite as *Toledo v. Green*, 2015-Ohio-386.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


City of Toledo

       Appellant

v.

Darrick Lamont Green, Jr.

       Appellee

Court of Appeals Nos. L-14-1086
L-14-1087

Trial Court Nos.  CRB-13-18817
CRB-13-19524

**DECISION AND JUDGMENT**

Decided:  January 30, 2015

* * * * *

David Toska, City of Toledo Chief Prosecutor, and Henry Schaefer,
Assistant Prosecutor, for appellant.

Steven T. Casiere, for appellee.

* * * * *

**JENSEN, J.**

**{¶ 1}** Plaintiff-appellant, the city of Toledo, appeals the April 22, 2014 decision of

the Toledo Municipal Court dismissing the city's case against defendant-appellee,

Darrick Lamont Green, Jr.  For the reasons that follow, we reverse.

## I. Background

{¶ 2} Green was charged in the Toledo Municipal Court with two counts of domestic violence, in violation of Toledo Municipal Code 537.19A, and, alternatively, two counts of assault, in violation of Toledo Municipal Code 537.03A. The events leading to these charges occurred on October 29, 2013, when Green allegedly slapped and choked Lena Garth, the mother of one of his children (Toledo Municipal Court case No. CRB-13-18817), and on November 11, 2013, when Green allegedly slapped Brandy Blackwood several times during an argument (Toledo Municipal Court case No. CRB-13-19524). Blackwood and Green also have children together.

{¶ 3} The case was set for a November 27, 2013 hearing on a temporary protection order ("TPO"), but the victims failed to appear and no TPO was issued. Green entered a plea of not guilty and the case was scheduled for a January 7, 2014 trial. Due to a Level 3 snow emergency, the courthouse was closed that day and the matter was reset for trial on March 18, 2014. Both victims failed to appear, but officers were present. The city advised the court that it was unable to proceed without the victim in case No. CRB-13-19524, the case involving Blackwood, but it was able to proceed in case No. CRB-13-18817, involving Garth. It asked the court to reset case No. CRB-13-19524. Green moved to dismiss for want of prosecution. The trial court reset both cases for April 22, 2014, at 8:30 a.m., and ordered the victims to appear and the prosecutor to subpoena them.

2.

**{¶ 4}** On April 22, 2014, defendant moved for dismissal when the victims again failed to appear. The city told the court that it was prepared to proceed without them, but asked that the trial be reset for that afternoon. The court observed that the officers were also not in court. The city responded that it had all the information it needed, including 9-1-1 calls and reports from the officers, but asked again that the case be postponed until afternoon. The trial court, apparently wishing to go forward immediately, expressed that it did not believe it possible for the city to overcome *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), where the U.S. Supreme Court held that admission of out-of-court testimonial evidence violates the Sixth Amendment unless the witness is unavailable and the defendant had a prior opportunity to cross-examine. Despite the city's insistence that it had sufficient evidence to proceed, the court dismissed the cases without prejudice. The city vociferously objected and asked the court to state its reason for dismissing:

> The court: I'm dismissing the case, the victim failed to appear and I don't see that it meets *Crawford,* so.
>
> Ms. West-Estell [for the city]: Thank you.
>
> The court: Sixth Amendment issues. There you go.
>
> Ms. West-Estell: Okay.
>
> The court: Be happy to get appealed on this one. So we can finally get some decisions.

3.

Ms. West-Estell:  He beat up these women within 12 days of one another, Judge.

* * *

The court:  Didn't—I will not have—don't put me to say whether he beat them or not, I don't know that.  They are not here interested enough to tell and they just wanted to set this.  I don't know what happened.  Innocent until proven guilty.

Ms. West-Estell:  Except there's no trial so we can't—you know, there's not even that.

The court:  They can't—this is a trial date and nobody's here.

Ms. West-Estell:  And the City's already indicated we have sufficient evidence to proceed.

The court:  Then we should have had them liasoned in for today.  The officer was here last time and said he would be here.

Ms. West-Estell:  But, Judge, the City could still proceed without the officer.  We have sufficient evidence.

The court:  Without the officer?

Ms. West-Estell:  Yes, I've already said we have sufficient evidence to proceed.

The court:  Then this is a trial date, they should be here.  Second trial date.  I am not the office of the prosecutor.

**{¶ 5}** The city appealed the trial court's decisions and the appeals were consolidated. The city assigns the following error for our review:

THE TRIAL COURT ERRED WHEN IT DISMISSED THE CITY'S CASE WHEN THE CITY WAS PREPARED TO PROCEED TO TRIAL.

## II. Law and Analysis

**{¶ 6}** As the Ohio Supreme Court has recognized, "[t]rial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims." *State v. Busch,* 76 Ohio St.3d 613, 616, 669 N.E.2d 1125 (1996). As such, they have the power to regulate the practice before it and protect the integrity of its proceedings. *Id.* Consistent with this power, Civ.R. 48(B) implicitly authorizes the court to dismiss a criminal action over the prosecution's objection if dismissal serves the interests of justice. The rule provides that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The rule does not permit dismissal, however, "solely for the reason that the evidence is insufficient to support conviction." *State v. Sanders*, 7th Dist. Columbiana No. 12-CO-35, 2013-Ohio-5220, ¶ 13, citing *State v. Nihiser,* 4th Dist. No. 03CA21, 2004-Ohio-4067, ¶ 17.

**{¶ 7}** We review a trial court's decision to dismiss a case under Crim.R. 48(B) for an abuse of discretion. *Busch* at 616. An abuse of discretion is "more than an error of

law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} The trial court stated its findings of fact supporting its decision to dismiss the city's case. Specifically, the court believed that Green's Sixth Amendment rights would be violated were the city to proceed without the victims or officers present and available for examination. In reaching this decision, the court relied on *Crawford,* 541 U.S. at 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. In *Crawford,* the U.S. Supreme Court held that admission at trial of out-of-court "testimonial" statements of witnesses violates the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine. *Id.* at paragraph (a) of the syllabus. The right to confrontation is not violated, however, where the statements at issue are non-testimonial. *Id.* at 68.

{¶ 9} "[T]he state, like the defendant, has a substantial right to have a criminal trial conducted according to the proper procedure as established by the Criminal Rules, by the Constitutions of the United States and of Ohio, and by applicable provisions in the Revised Code." *State v. Richter,* 92 Ohio App.3d 395, 399, 635 N.E.2d 1295 (6th Dist.1993). The Ohio Rules of Criminal Procedure do not provide for summary judgment before trial. *Nihiser,* 4th Dist. Hocking No. 03CA21, 2004-Ohio-4067, at ¶ 7.

{¶ 10} The city repeatedly stated that it was prepared to go forward, despite the absence of the victims and the officers. It did not elaborate on all the evidence it intended

6.

to present, but it insisted that it had all the information it needed, including 9-1-1 recordings and police reports. To be sure, a victim need not always consent or be present for the city to prosecute a domestic violence charge. As for any 9-1-1 recordings or police reports, the extent to which that evidence may be barred under *Crawford* could not be ruled on before trial. The admissibility of the evidence, as it concerns *Crawford,* turns on whether statements contained within those recordings or reports are "testimonial" or "non-testimonial." As explained by the U.S. Supreme Court:

> [S]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Davis v. Washington*, 547 U.S. 813, 813-14, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).

While in many cases statements contained in police reports have been held to be testimonial, numerous Ohio courts have found statements made during 9-1-1 calls to be non-testimonial. *See, e.g., State v. Douglas*, 3d Dist. Marion No. 9-05-24, 2005-Ohio-6304, ¶ 45; *State v. Newell*, 5th Dist. Stark No. 2004CA00264, 2005-Ohio-2848, ¶ 23; *State v. Sharpley,* 8th Dist. Cuyahoga No. 87393, 2006-Ohio-5246, ¶ 27.

7.

**{¶ 11}** In determining that *Crawford* could not be overcome before allowing the city to present its case, the trial court improperly prejudged the evidence. While we do not discount the possibility that *Crawford*—or some other evidentiary concern— may ultimately bar the evidence put forth by the city, any such concerns could have and should have been addressed during trial as the evidence was presented. The court abused its discretion in evaluating the quantity and quality of the city's evidence before it was presented.

**{¶ 12}** We, therefore, find the city's sole assignment of error well-taken.

### III. Conclusion

**{¶ 13}** We reverse the April 22, 2014 judgment of the Toledo Municipal Court dismissing without prejudice the city's case against Green and remand for proceedings consistent with this decision. Green is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Arlene Singer, J. _____          _____
                                                                    JUDGE
Stephen A. Yarbrough, P.J. _____

                                                        _____
James D. Jensen, J. _____          JUDGE
CONCUR.

                                                        _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.