DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Christopher Lange was indicted on one count of resisting arrest, a second degree misdemeanor, and one count of obstructing official business, a fifth degree felony. On January 5, 2007, Mr. Lange entered a plea of guilty to the indictment. After informing Mr. Lange of the rights he was waiving by entering a plea of guilty, the trial court accepted his guilty plea and ordered a presentence investigation. On April 19, 2007, the trial court held Mr. Lange's sentencing hearing. During that hearing, the court indicated that the presentence investigation report contained facts that did not support the charges against Mr. Lange. Based *Page 2 
upon that conclusion, the trial court dismissed the resisting arrest charge, reduced the obstructing official business charge to a second degree misdemeanor, and fined Mr. Lange $100.
 {¶ 2} The State has appealed the trial court's judgment, arguing that the court committed plain error when it failed to sentence Mr. Lange on the charges in the indictment. This Court reverses because the trial court lacked authority to accept Mr. Lange's guilty plea and then modify the charges against him.
 LACK OF AUTHORITY {¶ 3} Rule 52(B) of the Ohio Rules of Criminal Procedure permits this Court to take notice of a plain error that affects a substantial right despite that error not having been brought to the attention of the trial court. "An action of a trial court that exceeds its authority qualifies as an instance of plain error in that it affects the substantial right of the state to have judicial proceedings conducted according to law."State v. Barnett, 131 Ohio App. 3d 137, 142 (1999).
 {¶ 4} Rule 11 of the Ohio Rules of Criminal Procedure governs the trial court's acceptance of pleas. Rule 11(B)(1) provides that a plea of guilty is a "complete admission of the defendant's guilt." In turn, Rule 11(B)(3) mandates that a trial court proceed to sentencing once a guilty plea has been accepted unless the matter is a capital offense. Rule 11, however, does not compel a trial court to accept a guilty plea. Specifically, Rule 11(D) (E) permit the trial court to refuse to accept a guilty plea if it has not been knowingly and voluntarily made. Upon *Page 3 
refusing a guilty plea, the trial court "shall enter a plea of not guilty on behalf of the defendant." Crim.R. 11(G).
 {¶ 5} As recognized by the Sixth District Court of Appeals inState v. Richter, 92 Ohio App. 3d 395, 399 (1993), Rule 11 sets forth specific procedural steps that a trial court must follow when a defendant enters a plea:
 All of the provisions of Crim.R. 11, when read together, show that the court must take specific procedural steps when a defendant enters a plea. First, the court must personally speak with the defendant and assure itself that the defendant is fully informed of all rights possessed by the defendant before the defendant waives those rights. Second, the court may accept a plea of guilty, make a finding of guilt and sentence the defendant, if the defendant knowingly and voluntarily enters a plea of guilty. Third, a court may choose to reject an entered plea of guilty, enter a plea of not guilty on behalf of the defendant, and set the matter for trial. No provision is made for a court to choose to accept a plea of guilty, to sua sponte enter its own motion for dismissal, and to grant that motion for dismissal.
Id. Nothing in the rule grants a trial court authority to accept a plea, ex parte review the facts underlying the charges in the indictment, and sua sponte reduce and/or dismiss the charges in the indictment. As the trial court exceeded its authority, it committed plain error that affected the substantial right of the State to have proceedings conducted within the scope of the law.
 CONCLUSION {¶ 6} The trial court committed plain error when it dismissed Mr. Lange's resisting arrest charge and reduced his obstructing official business charge. The State's sole assignment of error is sustained, the judgment of the Lorain County *Page 4 
Common Pleas Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 CARR, J. WHITMORE, P. J. CONCUR. *Page 1