[Cite as *State v. Ellis*, 2016-Ohio-8086.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-15-1296

    Appellee                                     Trial Court No. CR0201402113

v.

Diona Ellis                                            **DECISION AND JUDGMENT**

    Appellant                                    Decided:  December 9, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Diona Ellis, appeals the January 6, 2015 judgment of the Lucas

County Court of Common Pleas convicting her of aggravated robbery in violation of R.C.

2911.01(A)(1), a felony of the first degree.  For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The trial court erred in accepting appellant's plea in light of her protestations of innocence regarding factual circumstances.

2. Trial counsel was ineffective, depriving appellant of her right to counsel in violation of the Sixth Amendment to the United States Constitution.

## Background Facts

{¶ 3} On July 8, 2014, appellant approached a teller at a bank within Walmart. Appellant was wearing white latex gloves and handed the teller a note which stated, "Give me the money in the drawer, I have a gun. No dye packs or you will die."

{¶ 4} The teller further reported that appellant stated, after handing over the note, "I don't want to hurt you, but I have a gun and I will kill you if you don't do what I tell you. Don't try anything funny and don't push any alarms."

{¶ 5} The teller handed appellant $1,488, and appellant fled the scene and entered a waiting vehicle. Appellant's sister and five-year-old nephew were in the vehicle. The teller placed a tracking unit with the money. Appellant and the money were tracked and appellant was apprehended.

{¶ 6} Before being apprehended, appellant traveled roughly five miles and had opportunity to change clothes. No gun was found, although only $1,339 was retrieved.

2.

**{¶ 7}** On July 16, 2014, an indictment was filed charging appellant with aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and an alternate charge of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree.

**{¶ 8}** On December 15, 2014, appellant pled guilty to the charge of aggravated burglary. The trial court engaged in an extensive colloquy to insure appellant was fully aware of what her guilty plea meant.

**{¶ 9}** The court explained appellant's constitutional rights, the consequences of entering a guilty plea, including the sentence and postrelease control. After each explanation appellant was asked if she understood and would still plead guilty. Appellant answered yes at each enquiry.

**{¶ 10}** The court further inquired into the factual circumstances of the crime, thereby making sure appellant understood what evidence would have been presented against her.

> **The court:** Have you had sufficient time to talk to your lawyer concerning the evidence that would have been presented against you?
>
> **Appellant:** Yes.
>
> **The court:** Have you told your lawyer each side of Count 1 and Count 2, so he knows what your position is?
>
> **Appellant:** Yes.

3.

**The court:**  And you examined all of the evidence that the state would have presented again with your lawyer, correct?

**Appellant:**  Yes.

**The court:**  Are you satisfied with your lawyer's advice?

**Appellant:**  Yes.

**The court:**  Do you believe he's representing you well?

**Appellant:**  Yes.

**The court:**  Do you believe entering the plea is in your best interest?

**Appellant:**  Yes.

{¶ 11} Appellant then confessed to the facts as presented by the state, but denied having a gun during the commission of the robbery.  The court held discussion with the lawyers and demanded more research be done with regard to the elements of aggravated robbery.  The court wanted to make certain the facts as confessed to in open court would allow a reasonable fact finder to conclude that the elements of the offense were established.  The matter was continued to allow counsel time to research.

{¶ 12} On December 16, 2014, the court introduced the matter and, in open court, discussed how legal precedent would allow reasonable inference appellant possessed a weapon during the commission of the robbery.  The court repeated the extensive plea colloquy, which resulted in appellant being informed of the effects of her plea for a second time.  Appellant maintained her guilty plea and confirmed her actions were free of coercion or undue influence.  Eventually the court stated:

4.

The record will reflect that the defendant was advised of all constitutional rights and her limited right to appeal. She understood the nature of the charge, the effect of the plea and the maximum penalty involved and has made a knowing, intelligent, and voluntary waiver of those rights. The plea of guilty is accepted[.]

{¶ 13} On January 6, 2015, the court proceeded to sentence appellant to six years incarceration and five years mandatory postrelease control. The sentence, however, was not imposed until the court confirmed for a final time appellant wanted to maintain her guilty plea. The judgment was journalized January 7, 2015, and appellant now appeals.

## Assignment of Error No. 1

{¶ 14} In the first assignment of error, appellant argues her plea should not have been accepted by the trial court because there was no factual basis for the plea and her plea was unknowing and involuntary. Appellee contends there was sufficient factual basis for the trier of fact to infer appellant possessed a gun when she committed the offense.

{¶ 15} R.C. 2911.01(A)(1) pertinently provides that no person, in committing a theft offense, shall have a deadly weapon under the offender's control and indicate that the offender possesses it.

{¶ 16} In the case at bar, both parties have expressed concern about whether a plea is to be treated as is a jury trial with regard to the factual basis necessary to support a conviction. The state argues:

5.

Appellant asserts that when a perpetrator enters a plea "the analysis must be different." Appellant's brief at p. 5. However, Appellant fails to cite any law whatsoever in support of this assertion. The State has not been able to find any Ohio case law which holds that the test for determining whether or not the State has met its burden of proving Aggravated Robbery varies depending on whether or not the case was tried or involved a plea to the indictment. The State sees no valid reason to require a completely different test for determining possession of a deadly weapon in cases involving pleas than in cases that went to trial.

{¶ 17} Appellant asserts *N.C. v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), stands for the proposition that guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea. We note that appellant's plea was not an *Alford* plea.

{¶ 18} Based on our evaluation of Ohio law and the particular facts of this case, neither party's position is accurate.

{¶ 19} We further note appellant did not object, challenge or seek to withdraw her plea prior to being sentenced. Therefore, appellant must rely on the plain error analysis to now challenge her sentence or plea. *See State v. Toyloy*, 10th Dist. Franklin No. 14AP-463, 2015-Ohio-1618, ¶ 19.

{¶ 20} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To affect a

6.

substantial right, the error must be outcome-determinative.  *See State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 21-23.

## Effect of Appellant's Plea

{¶ 21} Crim.R. 11(B)(1) explicitly states, "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 22} Further, "a plea of guilty, from an early period in the history of criminal procedure, * * * has been regarded as an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment."  *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892).  *See State v. Post*, 32 Ohio St.3d 380, 513 N.E.2d 754 (1987) ("Crim.R. 11 does not require the trial court to establish a factual basis for the plea before its acceptance.").

{¶ 23} For instance, in *State v. Price*, 32 Ohio St.3d 380, 513 N.E.2d 754, the Tenth District held a trial court is not obligated to engage in any factual review when a defendant pleads guilty.  *Id.* at ¶ 27.  The *Price* court rationale was that "defendant's guilty plea effectively waived any and all factual challenges."  *Id*. at ¶ 28.  Specifically, the defendant's factual challenge regarded "whether or not the crack or powder was actually his and the actual gram weight of the crack-cocaine."  *Id*.  The *Price* court overruled the assignment of error and affirmed.

{¶ 24} In *State v. Gibson*, 11th Dist. Portage No. 2005-P-0006, 2006-Ohio-4171, the court addressed whether "a knowing guilty plea required evidentiary support[.]"  *Id.* at ¶ 21.  The defendant challenged "the gram weight of the crack cocaine" in a petition

7.

for postconviction relief. *Id.* However, the court subscribed to the rationale that a "guilty plea effectively waive[s] any and all factual challenges." *Id.* Thus, the court rejected the defendant's argument and affirmed.

{¶ 25} Lastly, we point to *State v. Post*, 32 Ohio St.3d 380, 513 N.E.2d 754, where the Supreme Court of Ohio addressed the issue of whether guilty pleas coupled with claims of innocence should be accepted without factual basis for the plea. *Id.* at 387. In addressing the argument, the *Post* court stated:

> Appellant relies principally on *dicta* in *North Carolina v. Alford* (1970), 400 U.S. 25, 38, 56 O.O. 2d 85, 91, fn. 10, wherein the court cautioned that guilty pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea. [N]onetheless, the court in *Alford* found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge. *Id.* at 37-38, 56 O.O. 2d at 91. Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt. *Id.*

{¶ 26} Here, appellant entered into a plea agreement on December 15 and 16, 2014, which eliminated her opportunity to challenge her conviction based on a lack of

8.

factual basis in, or evidentiary support for, the charge of aggravated robbery. We find it proper to regard her plea as a complete admission of guilt. *See* Crim.R. 11(B)(1).

## Acceptance of Appellant's Plea

{¶ 27} In regard to the trial court's acceptance of the plea, the record reveals the court complied with Crim.R. 11(C) by engaging in an extensive colloquy to insure appellant was fully aware of constitutional rights and understood the consequences of her plea.

{¶ 28} Specifically, at the December 15 and 16, 2014 plea hearings, the court spoke to appellant's counsel about the facts of the case and whether appellant not having a gun during the commission of the aggravated robbery would change the charge. Both the state and appellant's counsel confirmed that appellant, based on the facts as confessed to, could be found guilty of aggravated robbery.

{¶ 29} Appellant claimed to have and threatened to use a gun during the robbery. Further, the passage of time after appellant fled the scene of the robbery provides a basis for a finder of fact to infer appellant disposed of the weapon after fleeing the scene of the crime. *See*, *e.g.*, *State v. Vondenberg*, 61 Ohio St.2d 285, 401 N.E.2d 437 (1980), syllabus ("a jury is entitled to draw all the reasonable inferences from the evidence presented that the robbery was committed with the use of a gun").

{¶ 30} At the plea hearings and January 6, 2015 sentencing hearing, appellant was also questioned regarding her understanding of the nature of the charge, informed with regard to the maximum penalty of 11 years for the charge, and was informed on how she

9.

would not be amenable to community control sanction for the charge. *See* Crim.R. 11(C)(2)(a).

{¶ 31} Moreover, the court informed appellant and confirmed her understanding of the effects of the guilty plea with regard to waiver of her right to jury trial, to confront witnesses, to have compulsory process, to no self-incrimination, and to require proof of the crime beyond a reasonable doubt. *See* Crim.R. 11(C)(2)(b) and (c). The trial court questioned appellant (over a dozen times) throughout the plea and sentencing hearings to ensure she wanted to maintain her guilty plea. The record supports that an extensive colloquy occurred, and that the trial court accepted appellant's plea and properly proceeded to sentencing. We find no outcome-determinative error existed.

{¶ 32} Accordingly, appellant's first assignment of error is not well-taken.

### Assignment of Error No. 2

{¶ 33} In the second assignment of error, appellant argues she was deprived effective assistance because her counsel misguided her into entering a guilty plea when the factual basis for her guilt did not support the charge. Appellee contends appellant's counsel advised competently based on the facts and law and appellant cannot show ineffective assistance or prejudice.

{¶ 34} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984). A court must determine whether there has been a substantial violation of any of defense counsel's essential duties to her client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show prejudice, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result * * * would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 35} "Upon the entry of a guilty plea, a defendant waives any and all appealable errors that might have occurred during the trial court proceedings, unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea." *State v. Kocian*, 6th Dist. Ottawa No. OT-07-018, 2008-Ohio-74, ¶ 8.

{¶ 36} Here, based on the record, appellant was advised to make a knowing, voluntary plea of guilty because of the overwhelming evidence of her guilt, including her open court confessions, an incriminating note, and the teller's account of the crime.

{¶ 37} At the December 16, 2014 hearing, for example, the following dialogue occurred:

> **The court:** Yesterday we were in the midst of a plea and the court wanted to make certain that the facts as described by the client, Ms. Ellis, would, in fact, allow a reasonable fact finder to conclude that the elements of the offense of aggravated robbery were established. Now, in summary,

11.

counsel, Mr. Cameron, do we agree your client came in for the purpose of committing a theft offense at that bank?

**Appellant's counsel:** Yes.

**The court:** Okay. And in turn she handed a note to the teller and the note, counsel for the state, would you—

**Appellant's counsel:** Is in possession of the state and we know exactly what it says.

**The court:** Would you tell us what that note said that this defendant handed to the teller.

**The state:** Judge, the note reads, give me the money in the drawer, period. I have a gun, comma, no dye packs or you will die now, exclamation point.

{¶ 38} Additionally, at the January 6, 2016 sentencing hearing, the following exchange occurred:

**The court:** * * * Now the court does note that the defendant pled to aggravated robbery. The court spent time looking at the case law, both counsel, fine counsel, looked at the law and it is clear based upon the facts in the case, although the defendant indicated at the hearing she didn't have a gun, there are circumstances which certainly rebut that, and the sense that the defendant when she approached the counter she had white latex gloves

on, she passed the teller a note saying, quote, give me the money in the drawer, I have a gun.  No dye packs or you will die, unquote.

* * *

**The court:**  Is that your understanding of the facts and what would have been produced at trial?

**The state:**  Yes, Your Honor.

**The court:**  All right.  Yes, sir, anything else?

**Appellant's counsel:**  Yeah, I was just going to say it is our situation, however, that she did not have a gun, she did present the note as stated by the court.  We agree with the fact pattern as the court recited.

{¶ 39} Based on the above interactions, and appellant confirming for the court she was satisfied with her counsel and entered the plea free of coercion and undue influence, it is reasonable to conclude the plea was tactically recommended and subsequently made because of the overwhelming evidence of her guilt.

{¶ 40} Accordingly, the second assignment of error is not well-taken.

## Conclusion

{¶ 41} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                _____
                                                     JUDGE

Stephen A. Yarbrough, J.

                                               _____
James D. Jensen, P.J.                                      JUDGE
CONCUR.

                                               _____
                                                       JUDGE

14.