[Cite as *State v. McRae*, 2024-Ohio-922.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHARLES MCRAE | : | Case No. 2023-CA-0039 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2022CR0800


JUDGMENT:        Vacated and Remanded


DATE OF JUDGMENT:        March 12, 2024


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JODY SCHUMACHER        RANDALL E. FRY
38 South Park Street        90 Darby Drive
Mansfield, OH  44907        Lexington, OH  44904

*King, J.*

{¶ 1}   Defendant-Appellant Charles McRae appeals the June 30, 2023 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio. We remand the matter for resentencing.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 19, 2022, McRae forced his way into his sister's home and savagely assaulted her. The assault left McRae's sister with a broken arm and fractures which required surgery, plates and screws to repair. The assault was captured on the home's Ring cameras.

{¶ 3}   On January 5, 2023, the Richland County Grand Jury returned an indictment charging McRae with one count of aggravated burglary, a felony of the first degree, two counts of kidnapping, felonies of the first degree, and felonious assault, a felony of the second degree. Each of these counts carried a repeat violent offender specification. McRae was additionally charged with domestic violence, a misdemeanor of the first degree, criminal damaging or endangering, a misdemeanor of the first degree, and criminal mischief, a misdemeanor of the first degree.

{¶ 4}   On March 19, 2023, McRae entered pleas of guilty to each count of the indictment. The trial court ordered a presentence investigation and set the matter over for sentencing.

{¶ 5}   McRae appeared for sentencing on June 22, 2023. After the trial court merged several counts, the state elected to proceed to sentencing on counts 1, 2, and 4, aggravated burglary, kidnapping, and felonious assault, respectively. McRae was sentenced to 10-15 years for aggravated burglary, 3 years for kidnapping, and 5 years

for felonious assault. The trial court additionally imposed a 2-year term for the repeat violent offender specification for an aggregate total of 20 to 25 years incarceration.

{¶ 6} McRae filed an appeal and the matter is now before this court for consideration.[1] He raises two assignments of error as follow:

I

{¶ 7} "THE TRIAL COURT ERRED IN DESIGNATING THE APPELLANT A REPEAT VIOLENT OFFENDER."

II

{¶ 8} "THE APPELLANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶ 9} In his first assignment of error, McRae argues the trial court's sentence for the repeat violent offender ("RVO") specification was contrary to law. Specifically, McRae contends the only evidence presented at the sentencing hearing to support the RVO designation was that fact that he has a 1993 conviction for felonious assault and that no details of that conviction are contained in the record. He therefore argues the trial court could not have made the necessary analysis to support its RVO designation. While we disagree with McRae's argument, we nonetheless remand the matter for resentencing.

Applicable Law

{¶ 10} R.C. 2929.01 defines a repeat violent offender in relevant part as:

---

[1] The state did not file a response brief.

(CC) "Repeat violent offender" means a person about whom both of the following apply:

(1) The person is being sentenced for committing or for complicity in committing any of the following:

(a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

* * *

(2) The person previously was convicted of or pleaded guilty to an offense described in division (CC)(1)(a) or (b) of this section.

{¶ 11} The trial court imposed a discretionary sentence for the RVO specification pursuant to R.C. 2929.14(B)(2)(a). That section states:

(2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii) The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood

of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶ 12} An "offense of violence" is defined in R.C. 2901.01(9)(a) and includes felonious assault as proscribed by R.C. 2903.11.

### McRae's Argument

{¶ 13} McRae never disputed he has a 1993 conviction for felonious assault. He argues here on appeal, however, that the record contains no details regarding that conviction, nor does it indicate the sentence he received. He asserts, therefore, that the "trial court could not possibly have made an analysis that the record contains evidence to support the finding of an RVO designation." Appellant's brief at 8. McRae does not indicate what analysis the trial court was supposed to make. The only requirements placed upon a trial court before imposing sentence for a discretionary RVO are contained

in R.C. 2929.14(B)(2)(a) as set forth above. In determining a trial court's compliance with the same, this court has recently quoted the Eighth District Court of Appeals:

> Similar to the conclusion that "talismanic" words are not required when imposing consecutive sentences under 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under 2929.14(B)(2)(a). As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specification should be upheld.

{¶ 14} *State v. Shaffer*, 5th Dist. Muskingum No. CT2021-0023, 2022-Ohio-2006 ¶ 24, citing *State v. Watts*, 8th Dist. Cuyahoga No. 104269, 2017-Ohio-532 ¶ 11.

{¶ 15} However, all of the conditions listed in R.C. 2929.14(B)(2)(a) must be satisfied before the trial court may impose sentence on an RVO specification. Here, the trial court failed to comply with R.C. 2929.14(B)(2)(a)(iii) when it imposed less than the longest minimum prison term for aggravated burglary. The trial court imposed a minimum prison term of 10 years. The longest minimum prison term for a first-degree felony is 11 years. R.C. 2929.14(A)(1)(a). We therefore vacate McRae's sentence and remand the matter for resentencing.

II

{¶ 16} In his second assignment of error, McRae argues his trial counsel rendered ineffective assistance by failing to challenge the RVO finding. Given our resolution of McRae's first assignment of error, McRae's second assignment of error is moot.

{¶ 17} The judgment of sentence of the Richland County Court of Common Pleas is vacated and the matter is remanded for resentencing.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.