[Cite as *State v. McRae*, 2024-Ohio-5401.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2024-CA-0017 |
| CHARLES A. MCRAE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Richland County Court of
Common Pleas, Case No. 2022-CR-0800N

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 14, 2024

APPEARANCES:

For Plaintiff-Appellee

JODI M. SCHUMACHER
Prosecuting Attorney
BY: MICHELLE FINK
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

CHARLES A. MCRAE
#A 802-515
North Central Correctional Complex
Box 1812
Marion, OH 43302

*Gwin, J.,*

**{¶1}**   Defendant-appellant Charles McRae [McRae] appeals, pro se, from the trial court's resentencing after our remand. *See, State v. McRae*, 2024-Ohio-922(5th Dist.). ["*McRae, I*].

<em>Facts and Procedural History</em>

**{¶2}**   On November 19, 2022, McRae forced his way into his sister's home and savagely assaulted her. The assault left McRae's sister with a broken arm and fractures which required surgery, plates and screws to repair. The assault was captured on the home's Ring cameras.

**{¶3}**   On January 5, 2023, the Richland County Grand Jury returned an indictment charging McRae with one count of aggravated burglary, a felony of the first degree, two counts of kidnapping, felonies of the first degree, and felonious assault, a felony of the second degree. Each of these counts carried a repeat violent offender ["RVO"] specification. McRae was additionally charged with domestic violence, a misdemeanor of the first degree, criminal damaging or endangering, a misdemeanor of the first degree, and criminal mischief, a misdemeanor of the first degree.

**{¶4}**   On March 19, 2023, McRae entered pleas of guilty to each count of the indictment. The trial court ordered a presentence investigation and set the matter over for sentencing.

**{¶5}**   McRae appeared for sentencing on June 22, 2023. After the trial court merged several counts, the state elected to proceed to sentencing on counts 1, 2, and 4, aggravated burglary, kidnapping, and felonious assault, respectively. McRae was sentenced to 10-15 years for aggravated burglary, 3 years for kidnapping, and 5 years

for felonious assault. The trial court additionally imposed a 2-year term for the repeat violent offender specification for an aggregate total of 20 to 25 years incarceration.

{¶6} On appeal, this Court held that the trial court failed to comply with R.C. 2929.14(B)(2)(a)(iii) when it imposed less than the longest minimum prison term for aggravated burglary. The trial court imposed a minimum prison term of 10 years. The longest minimum prison term for a first-degree felony is 11 years. R.C. 2929.14(A)(1)(a). We therefore vacate McRae's sentence and remand the matter for resentencing. *McRae, I,* ¶ 15.

{¶7} On remand, the trial judge appointed counsel to represent McRae and conducted a re-sentencing hearing on April 5, 2024. The judge sentenced McRae to 11-15 years for aggravated burglary, 3 years for kidnapping, and 4 years for felonious assault. McRae additionally received a 2- year term on the repeat violent offender specification for a total aggregated sentence of 20 to 25.5 years of incarceration.

*Assignments of Error*

{¶8} McRae raises five Assignments of Error,

{¶9} "I. THE TRIAL COURT FAILED TO MAKE THE STATUTORY FINDINGS PURSUANT TO R.C. 2929.14(C)(4) WHEN IMPOSING CONSECUTIVE SENTENCES FOR HIS OFFENSES.

{¶10} "II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT A MANDATORY HEARING ON HIS ORAL PRE-SENTENCE MOTION TO WITHDRAW HIS PLEA, AND AS A RESULT, HIS DUE PROCESS RIGHTS WERE VIOLATED.

**{¶11}** "III. THE TRIAL COURT'S ERROR AND ABUSE OF DISCRETION IN FAILING TO CONDUCT A HEARING VIOLATED HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY.

**{¶12}** "IV. THE STATE SUPPRESSED EXCULPATORY EVIDENCE OF THE VICTIM'S MEDICAL RECORDS OF NOVEMBER 19, 2022, IN VIOLATION OF *BRADY v. MARYLAND*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215(1963).

**{¶13}** "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE LESSER OFFENSES WHEN IT HAS ON THE RECORD, THAT THE APPELLANT HAS BEEN A LAW-ABIDING CITIZEN FOR THE PAST THIRTY (30) YEARS."

### *Pro se appellants*

**{¶14}** We understand that McRae has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006–Ohio–3316, ¶ 9 (10th Dist.). *See, also, State v. Hall*, 2008–Ohio–2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005–Ohio–6494, ¶ 4 (8th Dist.) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (same).

**{¶15}** Although in a pro se action the court allows latitude to the unrepresented defendant in the presentation of his case, the court is not required to totally throw the Rules out the window. *See, Wellington v. Mahoning Cty. Bd. of Elections,* 2008-Ohio-554,

¶18. (A substantial disregard for the rules cannot be tolerated); *Houston v. Lack*, 487 U.S. 266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration).

**{¶16}** This Court does not have discretion to overlook where facts, argument or evidence has been presented in the appellate brief that were not presented to the trial court during the proceedings in the lower court. In *State v. Hooks*, 92 Ohio St.3d 83(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 1980 WL 350992 (4th Dist., Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16.

**{¶17}** Therefore, we have disregarded facts and documents in the parties brief that are outside of the record. *State v. Stevens*, 2023-Ohio-2736, ¶¶ 16-18 (5th Dist.).

I.

**{¶18}** In his First Assignment of Error, McRae challenges the trial judge's imposition of consecutive sentences. McRae contends that the record does not support that the trial judge engaged in the appropriate analysis under R.C. 2929.14(C)(4).

**Standard of Appellate Review**

{¶19} Under Ohio's statutory sentencing scheme, there is a presumption that a defendant's multiple prison sentences will be served concurrently, R.C. 2929.41(A), unless certain circumstances not applicable in this case apply, see, e.g., R.C. 2929.14(C)(1) through (3), or the trial court makes findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4), which provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶20}** R.C. 2953.08(G)(2) provides an appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 2014-Ohio-3177, ¶ 28; *State v. Jones*, 2024-Ohio-1083, ¶ 13.

**{¶21}** Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, *quoting State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. R.C. 2953.08(F)(1) through (4); *Jones*, at ¶12.

**{¶22}** "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing

entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), *quoting Bonnell* at ¶ 37; *Jones*, 2024-Ohio-1083, ¶14.

**Issue for Appellate Review**: *Whether the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made, ie., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c)*

**{¶23}** In the case at bar, the trial judge specifically stated that consecutive sentences were not disproportionate to the seriousness of McRae's conduct and the danger he poses to the public. T. *Resentencing Hearing,* Apr. 5, 2024 at 19. The trial judge further found that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Id. at 19-20.

**Issue for Appellate Review**: *Whether the trial court's decision to impose consecutive sentences in McRae's case is supported by the record*

**{¶24}** The trial judge noted the attack was captured on video that was played in court during the original sentencing hearing. T. *Resentencing Hearing,* Apr. 5, 2024 at 15. S*ee also,* Sent. T. June 22, 2023 at 32. The judge noted that McRae smashed the door open and violently threw his sister to the ground; beat her; broke her shoulder, broke her arm; and threatened to kill her, all while she had her granddaughter there with her. Id. at 14 - 16. McRae can be seen in the video strangling, punching, kicking and throwing his sister around the house. Id. at 13. The judge noted that McRae had been convicted of

felonious assault in the past, and was given community control. Id. at 17. The judge found that McRae did not learn from his past experience. Id.

**{¶25}** The record supports the finding by the trial judge that "consecutive service is necessary to protect the public from future crime * * * and that consecutive sentences are not disproportionate to the seriousness of [McRae's] conduct and to the danger [he] poses to the public," R.C. 2929.14(C)(4). Moreover, the trial judge's statements about McRae's criminal history and the violent nature of the commission of crimes against a family member is supported by the record and supports the trial judge's finding that that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4)(b).

**{¶26}** We cannot clearly and convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Further, the record contains evidence supporting the trial court's findings under R.C. 2929.14(C)(4). Therefore, we have no basis for concluding that it is contrary to law.

**{¶27}** McRae's First Assignment of Error is overruled.

## II & III

**{¶28}** In his Second and Third Assignments of Error, McRae argues that he made an oral pre-resentencing motion to withdraw his guilty plea that was denied without a

hearing thereby violating his due process rights and his right to a jury trial. McRae's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶29} McRae's entire argument is premised solely on the following statement he made at the end of his attempt to minimize his conduct during the re-sentencing hearing:

I'm not a burglar. I never burglarized anything ever in my life. I knocked on the door. She opened it, and we were speaking before I went to enter, you know. Once again, I never knew she didn't want me in the house at the time. So once I got in the house, that's, well, actually, when the door hit her in the arm, that's when she fell backwards, and that's when I pushed the door open. The door was never actually shut. And so what you guys seen on the video, supposedly her arm was either fractured by me putting my foot on her left arm, which was inaccurate because the left arm is not fractured or broken. It's her right arm. And that's how her right arm got fractured or broken.

As far as me tussling with her and pushing her down -- and I apologize for that also but that floor is like more, like it's concrete basically. And if her arm was fractured from that tussle, that means that she has like brittle bones. I mean, got to be some underlying other - - other underlying possibilities here. And that's a good mitigation for why - - the reason why I wanted to withdraw my appeal and go through with trial. Because I didn't actually… I didn't break her – I didn't physically break her bones, and there was no intent for me to break her bones, and there was no motive, there

was no intent, and there was no purpose for me to even do that. *And that's*

*why I wanted to withdraw my guilty plea.*

T. *Resentencing Hearing,* Apr. 5, 2024 at 12-13 (emphasis added).

**{¶30}** It is clear that McRae was not asking to presently withdraw his plea; rather, McRae was referring to the discussion had during the original sentencing hearing that took place on June 22, 2023. During that hearing the trial judge indicated that McRae had filed "kites from the jail," on July 14, 2023, in which he sought to have the court appoint new counsel and to withdraw his plea. [Docket Entries Number 64 and 65]. Sent. T. June 22, 2023 at 22-26. McRae indicated that he was confused because his attorney indicated that McRae would get a better deal the closer it got to the trial date. Id. at 22-23. The trial judge reminded McRae that he specifically explained to him at length that a deal was offered, McRae refused it, and the deal was withdrawn. Id. at 24. The trial judge denied both McRae's motion to withdraw his plea and request for new counsel. Id. at 26.

**{¶31}** Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992) at paragraph one of the syllabus. Trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id.

**{¶32}** In the case at bar, the trial judge gave McRae an opportunity to express his reasons for wanting to withdraw his plea on the record in open court. Sent. T. June 22,

2023 at 22-26. The judge found no reasonable and legitimate basis for the withdrawal of the plea. Id.

*Res judicata*

**{¶33}** Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967). In addition, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See, State v. Ketterer*, 2010-Ohio-3831, ¶ 59; *State v. Straley,* 2019-Ohio-5206, ¶23.

**{¶34}** McRae could have challenged his guilty plea on direct appeal. *See, State v. Sarkozy*, 2008-Ohio-509, paragraph one of the syllabus. McRae did not argue in his direct appeal that he should be permitted to withdraw his guilty plea. McRae only argued that the record did not support the finding that he was a repeat violent offender and his attorney was ineffective in failing to challenge that finding in the trial court. *McRae*, *I,* ¶ 9; 16. We remanded the case solely for resentencing on the repeat violent offender specification. Id., ¶15.

**{¶35}** Because McRae did not challenge the trial judge's denial of his request to withdraw his guilty plea in his direct appeal, res judicata bars McRae from relitigating his motion to withdraw his guilty plea in the present case.

**{¶36}** McRae's Second and Third Assignments of Error are overruled.

IV.

**{¶37}** In his Fourth Assignment of Error, McRae contends the state suppressed portions of the victim's medical records in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). He has attached portions of the EMS first responders run report and a portion of the Mansfield Police Department Incident/Investigation Report. Although he claims the documents contain "crucial favorable evidence," he does not elucidate further. [Appellant's Brief at 18-19].

**{¶38}** In *Youngblood v. West Virginia*, the United States Supreme Court summarized,

A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused. See, 373 U.S., at 87, 83 S.Ct. 1194. This Court has held that the *Brady* duty extends to impeachment evidence as well as exculpatory evidence, *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), and *Brady* suppression occurs when the government fails to turn over even evidence that is "known only to police investigators and not to the prosecutor," *Kyles*, 514 U.S., at 438, 115 S.Ct. 1555. See id., at 437, 115 S.Ct. 1555 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"). "Such evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,'" *Strickler v. Greene*, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quoting *Bagley, supra*, at

682, 105 S.Ct. 3375 (opinion of Blackmun, J.) ), although a "showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal," *Kyles*, 514 U.S., at 434, 115 S.Ct. 1555. The reversal of a conviction is required upon a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Id., at 435, 115 S.Ct. 1555.

547 U.S. 867, 869-870 (2006); *State v. Garn,* 2019-Ohio-1604 (5th Dist.), ¶13.

*This issue is not properly before this Court because McRae did not attempt to raise a Brady violation in the trial court*

**{¶39}** We find that the *Brady* issue is not properly before this Court. "A first principle of appellate jurisdiction is that a party ordinarily may not present an argument on appeal that it failed to raise below." *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). *See, RHDK Oil & Gas, LLC v. Willowbrook Coal Company*, 2021-Ohio-1362 (5th Dist.) ¶51.

**{¶40}** It has been noted that "'the most measured sense of judicial restraint confines this court to passing upon only those issues developed below.'" *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 2019-Ohio-5157, ¶ 35 (Kennedy, J., *concurring in part and concurring in judgment only in part*), *quoting Fulmer v. Insura Property & Cas. Co.*, 94 Ohio St.3d 85, 100(2002) (Cook, J., *dissenting*). *State v. Harper*, 2020-Ohio-2913; *RHDK Oil & Gas, LLC,* ¶ 51. The Supreme Court of Ohio observed in *Sizemore v. Smith*, 6 Ohio St.3d 330, 333(1983), fn. 2, "justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final

determination." *State v. Quarterman*, 2014-Ohio-4034, ¶ 19. This Court stated in *Hadley v. Figley,* 2015-Ohio-4600, ¶ 22, *quoting Snyder v. Snyder*, 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795, ¶ 19–20:

> "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Nos. 2000–T–0154 and Nos. 2001-T-2003, 2002-Ohio-2440, [2002 WL 1012575], at ¶ 7, *citing Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. "Litigants must not be permitted to hold their argument in reserve for appeal, thus evading the trial court process." *Nozik v. Kanaga* (Dec. 1, 2000), 11th Dist. No. 99-L-193, [2000 WL 1774136], 2000 Ohio App. LEXIS 5615.

> Accord  *Niskanen v. Giant Eagle, Inc.*, 2009-Ohio-3626, ¶ 34 (* * *it is well settled that "[a] party who fails to raise an argument in the court below waives his or her right to raise it here.) and *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993) (A party who fails to raise an argument in the court below waives his or her right to raise it here.). *RHDK Oil & Gas, LLC,* ¶52.

**{¶41}**  Likewise, "'An exhibit merely appended to an appellate brief is not part of the record and we may not consider it in determining the appeal.'" *Williams v. Pioneer Credit Recovery, Inc.*, 2020-Ohio-397, (2nd Dist.), ¶ 16, *quoting State v. Grant*, 2013-Ohio-2981 (10th Dist.), ¶ 12; *State v. Stone,* 2022-Ohio-1117(2nd Dist.), ¶ 13.

**{¶42}**  In the case at bar, the record contains no evidence that the trial judge was ever presented with an argument that the state withheld exculpatory evidence. However,

even if McRae had raised such an issue before the trial judge, he could not have prevailed.

*The record contains no evidence that the state withheld favorable evidence from*

*McRae*

{¶43} We note that in the state's response to McRae's discovery request filed February 1, 2023, police reports were provided to McRae's attorney "via web portal." Docket Entry Number 21. Further, numerous CD/DVD - medical records of the victim were made available for inspection. Id. at Item 3. The EMS run report, attached as Exhibit B to McRae's brief, is specifically listed as being provided to the defense at Item 3, Number 57, and the Mansfield Police Department Incident Report, attached as Exhibit C, is listed as being provided to the defense at Item 3, Number 58. Additionally, the state filed a Supplemental Response to Request for Discovery listing even more medical records from the victim, including 2 CD/DVD disks and records from Nov. 19 to December 29. Docket Entry Number 22. Therefore, McRae has failed to demonstrate that records were withheld by the state.

{¶44} However, because McRae did not raise this issue in the trial court below, and because we cannot consider new exhibits attached to McRae's appellate brief, this issue is not properly before this Court.

{¶45} Accordingly, McRae's Fourth Assignment of Error is overruled.

V.

{¶46} In his Fifth Assignment of Error, McRae argues that the trial judge was required to consider lesser included offenses when accepting his guilty pleas. The

gravamen of McRae's argument is that the trial judge should have sua sponte found McRae guilty of aggravated trespass and unlawful restraint.

**{¶47}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States,* 368 U.S. 487 (1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 570 (1989).

**{¶48}** Unlike a plea of no contest, which requires a trial court to make a finding of guilt, *State v. Bird*, 81 Ohio St.3d 582, 584(1998), a plea of guilty requires no finding or verdict. *Kercheval v. United States*, 274 U.S. 220, 223 (1927) ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence"). *See also*, *State v. Fryer*, 2015-Ohio-4573 (5th Dist.) ¶25-26.

**{¶49}** Once a plea is made, the trial court may accept the plea of guilty and enter a finding of guilt and sentence the defendant, or it may reject the plea, enter a plea of not guilty, and set the matter for trial. *State v. Richter*, 92 Ohio App.3d 395, 399 (6th Dist. 1993); *State v. Mikulic,* 116 Ohio App.3d 787, 791(8th Sit. 1996); Crim.R. 11(G). Nothing in the Rule grants a trial court authority to accept a plea, ex parte review the facts underlying the charges in the indictment, and sua sponte reduce and/or dismiss the charges in the indictment. *State v. Lange,* 2007-Ohio-6211(9th Dist.); *State v. Schlosser,*

1994 WL 318605(6th Dist. June 24, 1994). *See also*, *State v. Ellis,* 2016-Ohio-8086, ¶ 22-23 (Defendant's guilty plea effectively waived any and all factual challenges). Such an action by the trial judge would constitute plain error because it exceeds his authority under the laws of Ohio. Id.

**{¶50}** McRae's Fifth Assignment of Error is overruled.

**{¶51}** The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur